# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TONY D. PIPPIN,                              Case No. 1:14-cv-689
       Plaintiff,

                                          Barrett, J.
     vs                              Bowman, M.J.

HAMILTON COUNTY SHERIFF, et al.,      **ORDER AND REPORT**
       Defendants.                    **AND RECOMMENDATION**

Plaintiff, an inmate at the Hamilton County Justice Center (HCJC) in Cincinnati, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Hamilton County Sheriff Jim Neil and a HCJC correctional officer identified as "R. Mason Badge #199." (Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

It appears from the face of the complaint brought pursuant to 42 U.S.C. § 1983 that plaintiff seeks to bring three causes of actions against the defendants. (*See* Doc. 1, Complaint, pp. 5-6). Plaintiff claims in the first cause of action that defendant Hamilton County Sheriff Jim Neil

2

is refusing to allow him access "to law library materials (civil and criminal)." (*Id.*, p. 5). Plaintiff alleges that on June 19, 2014, the HCJC denied his grievance request for "1983 civil lawsuit forms." (*Id.*). He also alleges that he sent an email to "J. Deters Hamilton County Prosecutors Office asking if HCJC was responsible for giving inmates access to civil law forms," to which Deters responded "no." (*Id.*). Plaintiff states: "I have sent numerous requests to be allowed access to legal materials and be able to use law library to research my case and be able to (properly) file motions or documents," which have all been denied. (*Id.*).

As his second cause of action, plaintiff claims that Neil placed him in administrative segregation on two occasions "without any hearing." (*Id.*). On the first occasion, plaintiff was placed in segregation for "possession of a weapon;" on the second occasion, he was placed in segregation was for "possession of a map." (*Id.*, pp. 5-6). Plaintiff claims that "administrative segregation" constitutes punishment and that he has "been held in administrative segregation without any due process." (*Id.*, p. 6).

Finally, plaintiff alleges as his third cause of action that on August 11, 2014, defendant "R. Mason" confiscated "8 manilla envelopes" containing civil and criminal "legal material" and threatened plaintiff's "physical safety," stating that he would "fuck [plaintiff] up." (*Id.*). Plaintiff claims that Mason went through his legal materials and that Neil told Mason "to take all legal documents." (*Id.*). Plaintiff states that his attorney, Brian Perkins, "had to retrieve my legal material from my property." (*Id.*). Plaintiff further alleges that on August 21, 2014, defendant Mason confronted plaintiff in his cell, stating to plaintiff that "he would beat the shit out of me if I put his name on any grievance or lawsuit." (*Id.*). Plaintiff claims that "the constant threat of physical violence constitutes a violation of 8th Amendment rights." (*Id.*).

3

Plaintiff requests the following relief: (1) "access to (all) law librar[ie]s and (all) legal material"; (2) the removal of "Officer R. Mason . . . from working segregation" and the issuance of "a (TPO) temporary protection order . . . from the plaintiff in this suit against R. Mason"; (3) damages in the amount of $ 50,000 on his claim of retaliation by defendants; (4) issuance of an order requiring that he be returned to protective custody from his current placement in administrative segregation.  (*Id.*, p. 7).

In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional violations, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  Liberally construed, plaintiff's complaint may state a viable constitutional claim under 42 U.S.C. § 1983 against the defendants to the extent that plaintiff has suggested in the complaint that they have taken various adverse actions against him while acting under color of state law in retaliation for his exercising his First Amendment rights.  *See Kennedy v. Bonevelle*, 413 F. App'x 836, 839-40 (6th Cir. 2011).  At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that to the extent that plaintiff is bringing a First Amendment retaliation claim against the defendants, such claim is deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's complaint should be dismissed in all other respects.

First, plaintiff has not stated a viable claim of constitutional violation to the extent that he contends in the third cause of action that defendant Mason's "threats of physical violence"

4

constitute an Eighth Amendment violation.  It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."  *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x  453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim based on a correctional employee's "alleged offer of sexual favors," the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim"); *Montgomery v. Harper,* No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (and Sixth Circuit cases cited therein) (dismissing an inmate's § 1983 claim alleging "verbal harassment" and "abusive language" by a state correctional officer).  *Cf. Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3rd Cir. 2013) (and Sixth, Fifth and Tenth Circuit cases cited therein) ("mere threatening language does not amount to a constitutional violation").

Second, plaintiff has failed to state a viable claim under § 1983 to the extent that he challenges his placement in administrative segregation on two occasions without a hearing in his second cause of action.  Plaintiff's allegations are insufficient to trigger constitutional concerns because he has not set forth any facts even remotely suggesting that the challenged disciplinary actions amounted to a deprivation of a constitutionally protected liberty interest.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence."  *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556

(6th Cir. 2002).  The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir.) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"), *cert. denied*, 133 S.Ct. 429 (2012).  *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life.  In addition, plaintiff has not alleged any facts suggesting that his confinement in administrative segregation has been so lengthy in duration as to rise to the level of an atypical and significant hardship that would trigger due process concerns.  In the absence of such allegations, plaintiff has failed to state a cognizable claim under § 1983 that his placements in administrative segregation without a hearing violated his federal constitutional rights.

Third, to the extent that plaintiff claims in his first and third causes of action that his First Amendment right to access the courts has been violated by defendant Neil's refusal to grant him

access to "law library materials" and civil legal forms, as well as by the defendants' confiscation of his legal materials, his factual allegations are insufficient to state an actionable § 1983 claim. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized that the "constitutional right of access to the courts requires prison authorities to assist prisoners in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." *Hadix v. Johnson*, 182 F.3d 400, 404 (6th Cir. 1999). However, as the Supreme Court later explained in *Lewis v. Casey*, 518 U.S. 343, 351 (1996), "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." Instead, "'meaningful access to the courts is the touchstone,' . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 823). In *Lewis*, the Supreme Court held that an inmate alleging that he has been denied access to legal resources or otherwise impeded by prison officials from exercising his First Amendment right of access to the courts "must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Thomas v. Rochell*, 47 F. App'x 315, 317 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349-51; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

"[N]ot every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns." *Id.* The First Amendment "only protects a prisoner's access to the courts as it relates to cases which attack his convictions and sentences and to cases which challenge the conditions of his confinement." *Id.* (citing *Lewis*, 518 U.S. at 355); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only"). Furthermore, a showing of "actual prejudice

to non-frivolous claims" must be made in order to satisfy the "actual injury" requirement of *Lewis*. *Hadix*, 182 F.3d at 405-06 (citing *Lewis*, 518 U.S. at 353 & n.3); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Chapman v. Mohr*, No. 1:13cv331, 2013 WL 3900395, at *1, *3 (S.D. Ohio July 29, 2013) (Dlott, J.; Bowman, M.J.), *appeal dismissed*, No. 13-3989 (6th Cir. July 2, 2014). When bringing a First Amendment claim of denial of access to the courts, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In this case, plaintiff has not alleged any facts showing that he suffered an actual injury in a non-frivolous legal proceeding challenging his convictions or sentences or the conditions of his confinement either as a result of defendant Neil's alleged refusal to provide him with law library materials or civil legal forms or as a result of the defendants' alleged confiscation of his legal documents. Indeed, it appears clear from the face of the complaint that no such injury occurred when his legal documents were allegedly seized because, as plaintiff has averred in the complaint, his attorney was able to retrieve those documents. (*See* Doc. 1, Complaint, p. 6). In the absence of any factual allegations to establish the "actual injury" element of the cause of action as required by *Lewis*, plaintiff's complaint fails to state a claim for relief under § 1983 for a denial of access to the courts under the First Amendment. *Cf. Chapman, supra*, 2013 WL 3900395, at *1, *3 (involving dismissal of complaint at screening stage).

Finally, to the extent that plaintiff may be alleging as part of his first cause of action that his grievances to obtain access to legal forms were improperly denied by prison officials, he has failed to state a cognizable claim for relief under § 1983. Such a claim does not implicate

federal constitutional concerns because plaintiff has no right under the Constitution to an effective prison grievance procedure.  *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)).

Accordingly, in sum, plaintiff may proceed with a First Amendment claim of retaliation against the defendants.  The remainder of the complaint brought pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice because the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

Except for plaintiff's First Amendment retaliation claim, all other claims alleged in the complaint against the defendants be **DISMISSED** with prejudice.

**IT IS THEREFORE ORDERED THAT:**

The United States Marshal shall serve a copy of the complaint (Doc.1), summons, and this order upon defendants Hamilton County Sheriff Jim Neil and "R. Mason Badge #199" as directed by plaintiff.  All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TONY D. PIPPIN,                                         Case No. 1:14-cv-689
      Plaintiff,

                                              Barrett, J.

      vs                                              Bowman, M.J.

HAMILTON COUNTY SHERIFF, et al.,
      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

11