UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tony D. Pippin,

    Plaintiff,

                                                 Case No.: 1:14-cv-689

    v.

                                                 Judge Michael R. Barrett

Hamilton County Sheriff, *et al.*,

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon the October 1, 2014 Magistrate Judge's Report and Recommendations ("R&R") recommending that except for Plaintiff's First Amendment claim, all other claims alleged in the Complaint be dismissed. (Doc. 13).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).[1] Plaintiff filed Objections the R&R. (Doc. 6). For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the R&R is ADOPTED in its entirety.

**I.  Background**

Plaintiff, an inmate at the Hamilton County Justice Center in Cincinnati, Ohio, proceeds *pro se* in this matter. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Plaintiff's Complaint was before the Magistrate

---

[1]Notice was attached to the Report regarding objections. (Doc. 6).

Judge upon a *sua sponte* review. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff alleges constitutional violations under 42 U.S.C. §1983. Plaintiff brings claims against Hamilton County Sheriff Jim Neil and a Hamilton County Justice Center correctional officer identified as "R. Mason Badge #199." Plaintiff's first claim is based upon a denial of legal materials. Plaintiff's second claim is that Sheriff Neil put him in administrative segregation on two occasions without any hearing. Plaintiff's third claim is Defendant Mason has threatened his legal safety.

The Magistrate Judge concluded that to the extent that Plaintiff is bringing a First Amendment retaliation claim against Defendants, such claim is deserving of further development and may proceed. However, the Magistrate Judge concluded that Plaintiff's other claims should be dismissed.

In his objections, Plaintiff explains that he is "very uneducated concerning the letter of law." Plaintiff explains that if his claim falls short, it is because he is unable to do legal research. Specifically, he is unable to properly cite cases or quote the law because he has been denied access to the law library. Plaintiff explains further that if he had the funds to hire an attorney, his attorney would have known what to state in his claim.

## II. Analysis

### A. Standards of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32.

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). To satisfy this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)); *see Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (stating that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."

3

*Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions," or, "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]," devoid of "further factual enhancement." *Id.* at 557.

## B. Access to legal resources

While Plaintiff brought a claim based on being denied access to "law library materials," Plaintiff also claims that in his objections he is unable to properly cite cases or quote the law because he has been denied access to the law library.

As the Magistrate Judge explained, to state a claim of denial of access to the courts, Plaintiff must show an actual injury to a non-frivolous legal proceeding arising from the defendants' alleged conduct. *See Colvin v. Schaublin*, 113 F. App'x 655, 657 (6th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir. 2004)).

As the Magistrate Judge pointed out, Plaintiff alleged that his legal materials were seized, but his Complaint also explains that his attorney was able to retrieve those documents. To the extent that Plaintiff alleges that he was denied access to the law library, Plaintiff's Complaint does not contain the detailed factual allegations which are

4

necessary to state such a claim. Plaintiff states that on June 19, 2014, Sheriff Jim Neil "blatenly [sic] refused to allow myself and segregated inmates access to law library materials (civil and criminal)." However, prisoners may not dictate the method by which access to the courts will be assured. *Penland v. Warren County Jail*, 759 F.2d 524, 531 n.7 (6th Cir. 1985) (en banc). Moreover, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis*, 518 U.S. at 355; *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff has alleged that he was denied access to 1983 civil lawsuit forms, yet the Court notes that Plaintiff's Complaint was filed using such a form. Therefore, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## III.     Conclusion

Based on the foregoing, the Magistrate Judge's October 1, 2014 Magistrate Judge's R&R is **ADOPTED**. Accordingly, the Court **ORDERS** as follows:

1. Except for Plaintiff's First Amendment retaliation claim, all other claims alleged in the Complaint against Defendants are DISMISSED with PREJUDICE;

2. The United States Marshall shall serve a copy of the Complaint (Doc. 1), summons, and this Order upon Defendants Hamilton County Sheriff Jim Neil and "R. Mason Badge #199" as directed by Plaintiff. All costs of service shall be advanced by the United States

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED**.

                                            */s/ Michael R. Barrett*
                                           United States District Judge