UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONY PIPPEN,

    Plaintiffs,

vs.

HAMILTON COUNTY SHERRIFF, et al.,

    Defendants.

Case No. 1:14-cv-689

Barrett, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

On December 22, 2015, the Court entered a Show Cause Order in this civil action, advising Plaintiff that his complaint would be dismissed due his failure to prosecute and failure to comply with an Order of the Court. (*See* Doc. 19). Namely, mail sent to Plaintiff on December 4, 2015 at the address currently reflecting on the Court's docket has been returned as undeliverable. (Doc. 17). The return mail was endorsed by staff at the Hamilton County Justice Center that Plaintiff was "no longer at our facility" and was returned to "Southern Ohio corrections" in November 2015. *Id.* The Court then entered the pending Show Cause Order directing Plaintiff to update his address. The Show Cause Order was mailed to both the addresses of record as well as SOCF. The Order sent to the address of record was returned to the Court as undeliverable. (Doc. 22). It would appear as if the copy sent to SOCF was delivered. The date of which to comply with Show Cause Order expired on January 15, 2016. Plaintiff has failed to respond or update his address.

A plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If

[pro se plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem.*, LLC, No. 1:07–cv–289, 2010 WL 717275, at *1 (S.D.Ohio Feb.26, 2010) ("By failing to keep the court apprised of his current address, petitioner demonstrates a lack of prosecution of his action.").

Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608–609 (6th Cir.1992) (dismissal upheld in part due to counsel's failure to advise the court of change of address); *Torrance v. Aspirecard.com Inc.*, No. 1:09cv645, 2010 WL 3782167 at *1 (S.D.Ohio Sep.28, 2010) ("[b]y failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.") (citations omitted); *Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D.Ohio Aug.27, 2009) (dismissal of pro se plaintiff).

In light of Plaintiff's failure to keep this Court apprised of his current address, **IT IS RECOMMENDED HEREIN THAT** Plaintiff's complaint be DISMISSED with prejudice under rule 41(b) of Federal Rules of Civil Procedure, for failure to prosecute. This case should be dismissed from the active docket.

     *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONY PIPPEN,                               Case No. 1:14-cv-689

       Plaintiffs,

                                              Barrett, J.
vs.                                                 Bowman, M.J.

HAMILTON COUNTY SHERRIFF, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).